ROY H. DENNIS ET AL., APPELLEES, V. CHARLES H. SLAMA, EXECUTOR, APPELLANT.

FILED NOVEMBER 23, 1928.   No. 26177.

*Slama & Donato* and *Votava & McGroarty,* for appellant.

*E. D. O'Sullivan, contra.*

Heard before GOSS, C. J., THOMPSON and EBERLY, JJ., and REDICK and STALMASTER, District Judges.

PER CURIAM.

The appellees, hereinafter called plaintiffs, instituted this action in the district court for Douglas county against Nels F. Peterson, who afterwards died and the action was revived in the name of the appellant, hereafter designated as defendant, to recover $842.94, the purchase price of certain cattle; and at the same time plaintiffs filed the necessary affidavit to procure the issuance of a writ of attachment and garnishment, alleging as grounds therefor that such Peterson, the then defendant, fraudulently contracted the debt in suit.   The writ was issued and Denny commission company, who was indebted to defendant in the sum of about $1,000, was served as garnishee.   Defendant did not plead to the petition, but filed a motion to dissolve the attachment and garnishment on the grounds, in substance, that the facts set forth in plaintiff's affidavit of attachment were untrue, and that the debt was not fraudulently contracted.   After evidence was introduced on the issues thus presented, both as to the debt and the

affidavit for attachment, the court found on each thereof in favor of the plaintiffs, overruled the motion to dissolve the attachment and garnishment, ordered the garnishee to pay into court $854.34, and entered judgment accordingly. To the overruling of such motion to dissolve the attachment and garnishment defendant appeals, and challenges such judgment on the sole ground that it is contrary to the evidence and the weight thereof.

An examination of the record discloses proof warranting the conclusions reached by the trial court. While we might have found differently if we had been the original triers of fact, it must be remembered that, where a law case is submitted to the court, the same rule is applicable to its findings of fact that would be applicable if such determination had been arrived at by a jury, to wit, that such judgment or verdict will not be disturbed on appeal unless the same is without support in the evidence.

Therefore, as we have seen that the findings and judgment of the trial court were not without supporting evidence, its determination should be, and is, in all things

AFFIRMED.